UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM MACK BRYSON, JR., | ) | 1:11-cv-01818 LJO MJS |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION REGARDING APPLICATION FOR RELIEF FROM ILLEGAL RESTRAINT |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

In this case, petitioner William Mack Bryson, Jr. ("Petitioner") seeks relief from a one hundred dollar assessment in connection with his underlying conviction by the United States District Court, District of South Carolina on May 23, 2002, on several counts involving money laundering. (Pet., ECF No. 1.) However, it is unclear from the application which method Petitioner seeks to use obtain such relief.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was sentenced to a prison term of 188 months on May 23, 2002. Since that time, Petitioner has filed several post-conviction petitions with little success. See e.g., Bryson v. U.S., 553 F.3d 402 (5th Cir. 2008) (stating that Petitioner has filed sixteen petitions for habeas corpus and other post-conviction actions for relief in the District of South Carolina and

the Western District of Louisiana.); Bryson v. Keffer, 357 Fed. Appx. 566 (5th Cir. 2008) (Petitioner has been sanctioned based on his filing of numerous frivolous collateral challenges to his sentence.) Petitioner has since been transferred to United States Penitentiary, Atwater, located in the Eastern District of California.

Most recently, on November 18, 2010, Petitioner filed a petition with this Court. See Bryson v. USA, Case No. 1:10-cv-02131-LJO-MJS (E.D. Cal. 2010). The Court construed the petition as a petition for writ of audita querela and denied relief on September 20, 2011.

In the present case, Petitioner filed a document titled "Motion for Reconsideration". (Mot., ECF No. 14.) In the motion, the Petitioner challenges the designation of the matter as a petition of habeas corpus under 28 U.S.C. § 2241 by the Clerk of Court. Petitioner states that since he is only challenging a monetary award, a petition for habeas corpus is inappropriate. Instead, Petitioner asserts that he "is following the filing procedure in Kessack and 1:10-cv-02131-LJO-MJS (HC) in order to proceed under the Writ of Audita Querela in a United States District Court." (Mot. at 2.)

## II.   **ANALYSIS**

Petitioner is correct that a claim challenging a monetary assessment is not cognizable by way of a petition of habeas corpus. The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." Further, the Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Petitioner's challenge to a monetary assessment does not challenge the fact or duration of his sentence. This is not an proper claim in a federal habeas action as an order of restitution does not satisfy the custody requirement. United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir.1999); United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002).

Knowing that the claim may not be brought by way of a petition of habeas corpus, Petitioner attempts to pursue his claim by way of a petition for writ of audita querela. The

petition, if considered a petition for writ of audita querela, still fails.

As described in dismissing Petitioner's last petition for writ of audita querela, the writ is not a viable avenue of relief:

> Although Petitioner moves this court for a writ of audita querela, the arguments Petitioner proffers in favor of his motion are essentially the same issues Petitioner raised on direct appeal, and in subsequent Section 2255 motions or requests for authorization to file successive Section 2255 motions. The only significant difference between Petitioner's past motions and the current petition is Petitioner's extensive reliance and factual comparison to Kessack v. United States, No. CV-05-1828-TSZ, 2008 U.S. Dist. LEXIS 7739, 2008 WL 189679 (W.D. Wash. Jan. 18, 2008), a district court decision from the Western District of Washington granting a writ of audita querela and ordering the re-sentencing of a petitioner that presented similar sentencing issues under United States v. Booker, 543 U.S. 220, 245 (2005). The Court notes that the Kessack decision has not been followed by any of the courts that have subsequently considered it, and it is inconsistent with the law of this circuit holding that a writ of audita querela is not available for a claim that otherwise falls within the scope of § 2255 relief. See U.S. v. Gamboa, 608 F.3d 492, 494-95 (9th Cir. 2010) ("[Petitioner]'s reliance on Kessack is misplaced. It is contrary to the law of this Circuit").

Bryson v. United States, 2011 U.S. Dist. LEXIS 79058, *5-6 (E.D. Cal. July 19, 2011).

Petitioner has not shown why his present claim does not fall within the scope of habeas relief. Petitioner may not circumvent the contours of the habeas framework created by the ADEPA simply by considering his petition as a writ of audita querela. In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (concluding that if the AEDPA foreclosed the use of 28 U.S.C. §§ 2241 and 2255 by federal prisoners, "it would be senseless to suppose that Congress permitted [federal prisoners] to pass through the closed door [by way of the All Writs Act] simply by changing the number 2241 to 1651 on their motions).

The Court once again finds that the writ of writ of audita querela is not available to Petitioner. Accordingly, the Court recommends the petition be dismissed with prejudice for failure to state a claim upon which relief can be granted, and that this civil action be closed.

### III.     CONCLUSION AND RECOMMENDATION

Therefore it is RECOMMENDED that Petitioner's October 31, 2011 petition for writ of audita querela be denied.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule

304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 28, 2011            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE